IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRISHA A. WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-130-C-BN |
| | § | |
| TEAMSTERS LOCAL 767, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. For the reasons stated below, the undersigned recommends that the Court transfer this action *sua sponte* to the Fort Worth Division of this district under 28 U.S.C. § 1406(a).

**Applicable Background**

Plaintiff LaTrisha A. Woods brings this discrimination action – under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act, as amended – against Teamsters Local 767. *See* Dkt. No. 3 at 2 ("I, LaTrisha [Woods] brought to the attention of [discrimination] and retaliation from UPS to my local Union Authorities and they failed to represent me fairly."); *see id.* (further alleging that the union's "unlawful representation practices against Plaintiff ... [included discrimination] ... because of her race/color, national origin and/or sex and

-1-

because of ... harassment and retaliation"); *see also, e.g.,* 42 U.S.C. § 2000e-2(c)(1), (3) ("It shall be an unlawful employment practice for a labor organization ... to discriminate against" – or "to cause or attempt to cause an employer to discriminate against" – "any individual because of his race, color, religion, sex, or national origin.").

While it is not directly pertinent to the venue issue addressed below, it should be observed that "[e]mployment discrimination claims against labor organizations are analyzed differently from claims against employers," as "[c]laims against labor organizations are grounded in the union's duty of fair representation ... to its members." *Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811 (NGG)(LB), 2012 WL 959403, at *7 (E.D.N.Y. Mar. 21, 2012) (citations omitted).

> In *Vaca v. Sipes*, 386 U.S. 171 (1967), the [United States] Supreme Court established the parameters of the duty of fair representation. The Court explained that a breach of the duty of fair representation "occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. ... Once a Title VII plaintiff[, for example,] establishes intentional discrimination by a union – either with direct evidence or by using the burden-shifting framework of *McDonnell Douglas* – the plaintiff also inherently establishes a breach of the union's duty of fair representation. *See Causey v. Ford Motor Co.*, 516 F.2d 416, 425 n.12 (5th Cir. 1975).

*Stalcup v. Commc'n Workers of Am.*, 44 F. App'x 654, 2002 WL 1397115, at *3 n.3 (5th Cir. 2002) (per curiam); *see also Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011) (stating a claim for employment discrimination against a union involves: (1) a covered status; (2) adverse union action; and (3) differential treatment based on the covered status).

Woods has been granted leave to proceed *in forma pauperis*, and she has

submitted verified responses to the Court's screening questionnaire, which included questions aimed at determining proper venue. *See* Dkt. Nos. 6, 7, & 8.

## Legal Standards and Analysis

Although Woods's complaint may seek to expand the scope of the claims presented to the EEOC through her charge of discrimination, that charge makes clear that she is at least alleging claims of sex discrimination and retaliation under Title VII. *See* Dkt. No. 8 at 18.

"Title VII contains a specific venue provision that displaces the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Section 2000e-5(f)(3) provides that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action

> may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*; *see also Dabney*, 2015 WL 4210988, at *2 ("As such, a given district is a proper venue for a Title VII ... claim if the claim satisfies any one of three elements. First, venue is proper in any judicial district in the State where the alleged discrimination took place. Second, venue is proper in the district where relevant records are maintained and administered. Third, venue is proper in the district where the aggrieved person would have worked but for the alleged unlawful employment practice. Additionally, if the defendant is not found within any of the above-mentioned districts, venue is proper in the judicial district in which the defendant has its principal office." (citations and footnote omitted)).

Woods makes clear through her verified questionnaire responses that venue is not proper in the Dallas Division of this district – although Woods worked at a UPS facility in McKinney, Texas, in Collin County, within the Sherman Division of the Eastern District of Texas, *see* Dkt. No. 8 at 10; 28 U.S.C. § 124(c)(3), she alleges that the employment practices that she contends to be unlawful occurred at Teamsters Local 767, in Forest Hill, Texas, in Tarrant County, within the Fort Worth Division of this district, *see* Dkt. No. 8 at 8; 24 U.S.C. § 124(a)(2).

Therefore, "[t]he Court must now determine whether to dismiss the case or transfer the action to a proper venue." *Dabney*, 2015 WL 4210988, at *4 (citing *Goldlawr v. Heiman*, 369 U.S. 463, 465-66 (1962) (noting that a court may utilize the

-4-

venue statute to transfer an action filed in an improper venue to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact")).

"[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *cf. Horseshoe*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

A district court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), and "[t]he district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) (citation omitted); *see Glazier Group, Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice." (citation and internal quotation marks omitted)); *see also Chenevert v. Springer*, Civ. A. No. C-09-35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) ("'Generally, the "interest of justice" instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them.'" (quoting

*James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002))).

Other courts have noted in cases similarly postured to this one that the interest of justice's transfer-over-dismissal preference "is especially true when the plaintiff files a complaint *pro se*." *James v. Verizon, Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (transferring a *pro se* Title VII action under Section 1406(a) after determining that, under Section 2000e-5(f)(3), venue was improper; citation omitted); *see also Dabney*, 2015 WL 4210988, at *4 (noting that a "mistake regarding filing in the proper venue ... may be considered to be excusable because *pro se* plaintiffs are not held to the same standard for formal legal filings, and Title VII/ADA claims have special venue restrictions beyond the general venue requirements" (citations omitted)).

Here, given that Woods is proceeding *pro se*, that the sole defendant is a local union located in the Fort Worth Division of this district, and that Woods affirms that the alleged unlawful employment practices occurred at that local's office in the Fort Worth Division, the Court should conclude that the interest of justice favors the transfer of this action to the Fort Worth Division of this district under Section 1406(a).

## Recommendation

The Court should transfer this action *sua sponte* to the Fort Worth Division of this district under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE